# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA
# ERIE DIVISION

| | |
|---|---|
| Sonya Stepp<br>3908 Tuttle Ave<br>Erie, PA 16504<br><br>  Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>c/o CT Corporation System,<br>Registered Agent<br>5620 Southwyck Blvd. Suite 206<br>Toledo, Ohio 43614<br><br>  Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around early January, 2008, Defendant telephoned Plaintiff regarding the debt and one of Plaintiff's children ("Child") answered the phone.

10. During this communication, Defendant pretended to be a friend of Plaintiff and asked to speak to Plaintiff.

11. During this communication, Child inquired as to what Defendant's last name was and Defendant hung up the phone.

12. Defendant continued to misrepresent Defendant's identity during several communications to Plaintiff throughout the months of January, February and March 2008 by posing as a family friend or Doctor.

13. In or around mid-February, 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment ("Work").

14. Plaintiff works in several different labs in the Erie area and as a result, Defendant would frequently reach Plaintiff's coworkers.

15. During one of the communications listed above, Plaintiff's coworker ("Coworker") answered the phone.

16. During this communication, Coworker informed Defendant that Plaintiff was not available and that Plaintiff was not permitted to receive personal phone calls at work.

17. Despite this notification, Defendant continued to call Plaintiff's Work on several occasions in the months of February and March 2008.

18. On or around March 6, 2008, Defendant telephoned Plaintiff at work.

19. During this communication, Coworker answered the phone.

20. During this communication, Defendant falsely stated that Defendant was a Doctor from the Pittsburg lab.

21. During this communication, Coworker believed Defendant's misrepresentation and transferred the call to Plaintiff.

22. During this communication, Defendant began demanding money from Plaintiff and screaming at Plaintiff to pay the debt.

23. On or around March 6, 2008, Defendant telephoned Plaintiff and left a recorded voice message on Plaintiff's voicemail.

24. During this communication, Defendant's employee ("Employee") stated that Employee was an attorney and threatened to send a sheriff to Plaintiff's Work, garnish Plaintiff's wages and place a lien on Plaintiff's house.

25. As a result of Plaintiff's misrepresentation, threats, excessive Work calls and harassment, Plaintiff became so stressed that Plaintiff left Work for the rest of that day because Plaintiff feared if Plaintiff did not take some action, Plaintiff may lose Plaintiff's employment or house.

26. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

27. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

40. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

41. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

42. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

43. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

LEGAL HELPERS, P.C.

By: */s/ Richard J. Meier*
   Richard J. Meier
   Attorney for Plaintiff
   LEGAL HELPERS, P.C.
   233 S. Wacker
   Sears Tower, Suite 5150
   Chicago, IL 60606
   Telephone: 1.866.339.1156
   rjm@legalhelpers.com